UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| INTEPLAST GROUP, LTD., | ) |
| Plaintiff, | ) ) ) |
| | ) Case No. |
| vs. | ) ) |
| PRIMEX PLASTICS CORP., | ) **JURY TRIAL DEMANDED** |
| Defendant. | ) ) |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, Inteplast Group, Ltd. ("Inteplast"), for its Complaint for Patent Infringement against Defendant Primex Plastics Corp. ("Primex"), alleges as follows:

### Parties

1. Inteplast is a Texas limited partnership having a principal place of business at 9 Peach Hill Tree Road, Livingston, New Jersey 07039.

2. Primex is a New Jersey corporation having a principal place of business at 1235 North F Street, Richmond, Indiana 47374.

### Nature of the Action

3. This is an action for infringement of U.S. Patent No. 6,759,114 (the "'114 Patent") brought by Inteplast against Primex.

### Jurisdiction and Venue

4. Inteplast's claims against Primex arise under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*

5. This Court has federal question jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. The Court has personal jurisdiction over Primex because:

    a. Primex sells and offers for sale infringing PRINT-X product in this district through an established network of distributors including, but not limited to, Regal Plastics Supply Company, d/b/a Regal Plastic Supply Company ("Regal"), a Missouri corporation with a place of business at 1456 Ashby Road, Saint Louis, Missouri 63132.

    b. According to records of the Missouri Secretary of State, Primex registered in Missouri as a foreign corporation on October 30, 1998. The registration expired on July 20, 1999.

    c. Primex maintains an interactive website (www.primexplastics.com) whereby Primex advertises, offers to sell, and, upon information and belief, sells infringing PRINT-X products in Missouri and in this District. Primex's website allows residents in this District to place orders using an "Order Form."

*See* http://www.primexplastics.com/#/order-form/4547164872.

7. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400(b).

### Patent-in-Suit: U.S. Patent No. 6,759,114

8. On July 6, 2004, the U.S. Patent and Trademark Office duly and legally issued U.S. Patent No. 6,759,114, entitled "Light Weight Board of Improved Surface Flatness and Process for Production Thereof," to Phillip C.L. Wu, Yao Cheng, Haur Horng Yang, and Jyh-yao Raphael Li. A copy of the '114 Patent is attached hereto as Exhibit A.

9. Inteplast owns, by assignment, the entire right, title, and interest in and to the '114 Patent, including the right to bring this suit for injunctive relief and damages.

10. The USPTO issued a reexamination certificate for the '114 Patent on March 22, 2011.

11. The '114 Patent is entitled to a presumption of validity.

12. The '114 Patent is valid and enforceable.

13. Inteplast has complied with 35 U.S.C. § 287.

### Count I: Infringement of the '114 Patent

14. Inteplast repeats the allegations of paragraphs 1-13 above as if fully set forth herein.

15. Claim 1 of the '114 Patent, which was cancelled during reexamination, recites:

> **1.** A light weight hollow thermoplastic board, which comprises:
>
> a first planar sheet;
>
> a second planar sheet; and,
>
> a plurality of ribs, each of said ribs having a plurality of fixed gas pockets located therein;
>
> wherein said fixed gas pockets are small closed bubbles forming a foamed extension to said ribs; and
>
> wherein said first planar sheet and said second planar are spaced apart by and are interconnected by said ribs.

16. During reexamination, the USPTO confirmed the patentability of Claim 2. Claim 2 depends from cancelled Claim 1 and recites:

> **2.** The light weight hollow thermoplastic board of claim 1 wherein said board is formed in an integral form.17.

17. Claim 16 of the '114 Patent was added and determined to be patentable during reexamination. Claim 16 recites:

> **16.** A light weight hollow thermoplastic board, which

3

comprises:

a first planar sheet;

a second planar sheet; and

a plurality of ribs, each of said ribs having a plurality of fixed gas pockets located therein;

wherein said fixed gas pockets are small closed bubbles forming a foamed extension to said ribs;

wherein said first planar sheet and said second planar are spaced apart by and are interconnected by said ribs,

wherein said first planar sheet comprises a top skin layer of thermoplastic material generally free of gas pockets comprising closed bubbles and said second planar sheet comprises a bottom skin layer of thermoplastic material generally free of gas pockets comprising closed bubbles.

18. In violation of 35 U.S.C. § 271, Primex has infringed, and is infringing at least claims 2 and 16 the '114 Patent, literally and under the doctrine of equivalents, by making, having made, using, selling, offering for sale, and/or importing, without authority, products, including but not limited to Primex's PRINT-X products—and by selling and/or offering for sale these infringing products through an established network of distributors (Regal and others) in the Eastern District of Missouri.

19. Primex's conduct has caused and will continue to cause Inteplast irreparable harm for which there is no adequate remedy at law. Inteplast seeks an order permanently enjoining Primex from engaging in its infringing conduct.

20. Primex's infringement of the '114 Patent is exceptional and entitles Inteplast to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

21. Under 35 U.S.C. § 284, Inteplast also seeks compensation for those damages from

Primex in an amount that cannot be presently quantified but will be ascertained at trial.

## **Prayer for Relief**

WHEREFORE, Inteplast requests the Court to enter judgment for it and against Primex holding that:

A.   Primex has infringed the '114 Patent;

B.   Primex, its officers, agents, employees, and those persons in active concert or participation with it or any of them, and its successors and assigns, be permanently enjoined from infringement of the '114 Patent, including but not limited to an injunction against making, using, selling, and/or offering for sale within the United States, and/or importing into the United States, any products and/or services that infringe the '670 Patent;

C.   Inteplast be awarded royalty and lost-profit damages adequate to compensate Inteplast for Primex's infringement of the '114 Patent.

D.   Inteplast be awarded pre-judgment and post-judgment interest at the maximum rate allowed by law.

E.   This case be declared exceptional pursuant to 35 U.S.C. § 285 and that Inteplast be awarded attorneys' fees, costs, and expenses incurred in connection with this action.

F.   For such other and further relief as the Court may deem just and proper.

Date: November 8, 2011

Respectfully submitted,

ARMSTRONG TEASDALE LLP

By: _____
David W. Harlan, #20127
B. Scott Eidson, #57757 MO
Richard L. Brophy, #59731MO
ARMSTRONG TEASDALE LLP
7700 Forsyth Blvd., Suite 1800
St. Louis, Missouri 63105
314.621.5070 (telephone)
314.621.5065 (facsimile)
dharlan@armstrongteasdale.com
seidson@armstrongteasdale.com
rbrophy@armstrongteasdale.com

*Attorneys for Plaintiff Inteplast Group, Ltd.*