UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

INTEPLAST GROUP, LTD.,            )
                                  )
        Plaintiff,                )
                                  )
    vs.                           )    No. 4:11-CV-1949 (CEJ)
                                  )
PRIMEX PLASTICS CORP.,            )
                                  )
        Defendant.                )

### CASE MANAGEMENT ORDER - TRACK 3: COMPLEX

Pursuant to the Civil Justice Reform Act Expense and Delay Reduction Plan and the Differentiated Case Management Program of the United States District Court of the Eastern District of Missouri,

**IT IS HEREBY ORDERED** that the following schedule shall apply in this case, and will be modified only upon a showing of exceptional circumstances:

I.    **SCHEDULING PLAN**

1.    This case has been assigned to Track 3 (Complex).

2.    Except as specifically set forth herein, the parties shall be bound by the Local Patent Rules for the Eastern District of Missouri, available on the Court's website at http://www.moed.uscourts.gov/local-rules.

3.    Any joinder of additional parties or amendment of pleadings shall be made no later than **May 15, 2012**.  Thereafter, the parties must file a motion for leave to join additional parties or to amend pleadings.

4.    As agreed by the parties, discovery of electronically-stored information shall be governed by the procedures set forth in **Exhibit A**, attached hereto and incorporated herein.

5.    Discovery disclosure shall proceed in the following manner:

    (a)    The parties shall make all disclosures required by Rule 26(a)(1), Fed.R.Civ.P., no later than **February 24, 2012**.

    (b)    The party who bears the burden of proof on an issue for which expert testimony is to be offered shall disclose all expert witnesses and shall provide the reports required by Fed. R. Civ. P. 26(a)(2) no later than **one-hundred and five (105) days after entry of the Court's Claim Construction Order**, the party offering rebuttal expert testimony shall disclose all expert witnesses and shall provide the reports required by Fed.R.Civ.P. 26(a)(2) no later than **twenty-eight (28) days** thereafter, and expert depositions shall be completed no later than **twenty-eight (28) days** after the deadline for disclosing rebuttal expert witnesses.

    (c)    The presumptive limits of ten (10) depositions per side as set forth in Rule 30(a)(2)(A), Fed.R.Civ.P., and twenty-five (25) interrogatories per party as set forth in Rule 33(a), Fed.R.Civ.P., shall apply.

    (d)    The parties shall complete <u>all</u> fact discovery in this case no later than **April 19, 2013**.

    (e)    **Motions to compel and other motions relating to discovery shall be pursued in a diligent and timely manner, but in no event filed more than fifteen (15) days following the event (e.g., failure to answer interrogatories, objections to request for production, etc.) that is the subject of the motion.  Except for good cause shown, any discovery motion that is not timely filed and any discovery motion that is filed after the discovery deadline will not be considered by the Court.**

6.    The following deadlines shall apply to disclosures required by the Local Patent Rules:

    (a)    Plaintiff's Disclosure of Asserted Claims and Preliminary Infringement Contentions is due no later than **February 24, 2012**.

    (b)    Plaintiff shall produce or make available for inspection all supporting documentation as required by Local Patent R. 3-2 no later than **February 24, 2012**.

    (c)    Defendant's Disclosure of Preliminary Counter-Infringement Contentions is due no later than **March 23, 2012.**

    (d)    Defendant's Disclosure of Preliminary Invalidity Contentions is due no later than **April 13, 2012**.

 (e) Defendant shall produce or make available for inspection all supporting documentation as required by Local Patent R. 3-5 no later than **April 13, 2012**.

 (f) Plaintiff's Notice of Amended Preliminary Infringement Contentions and statement of reasons is due no later than **May 11, 2012**.

 (g) The parties shall exchange their Proposed Terms and Claim Elements to be Construed no later than **May 25, 2012**.

 (h) The parties shall meet and confer as specified in Local Patent R. 4-1(b) no later than **June 1, 2012**.

 (i) The parties shall exchange their Preliminary Claim Constructions and identify extrinsic evidence no later than **June 15, 2012**.

 (j) The parties shall meet and confer as required by Local Patent R. 4-2(c) no later than **June 22, 2012** and file their Joint Claim Construction Chart and Prehearing Statement no later than **July 13, 2012**.

 (k) The parties shall complete all claim construction discovery by **August 10, 2012**.

 (l) The parties shall file their motions for claim construction and all supporting documentation no later than **August 31, 2012**.  The response in opposition to such a motion shall be due no later than **September 14, 2012**.

 (m) Plaintiff's Final Infringement Contentions, if necessary, is due no later than **twenty-eight (28) days** after the Court's Claims Construction Ruling.

 (n) Defendant shall serve, if necessary, its Final Counter-Infringement Contentions, Final Invalidity Contentions, and disclose the opinions of counsel on which it intends to rely no later than **forty-nine (49) days** after the Court's Claims Construction Ruling.

 (o) Plaintiff shall serve its Counter-Invalidity Contentions no later than **seventy-seven (77) days** after the Court's Claim Construction Ruling.

7. This case shall be referred to alternative dispute resolution on **October 15, 2012**, and that reference shall terminate on **December 17, 2012**.

8. Any motion to dismiss, motion for summary judgment or motion for judgment on the pleadings shall be filed no later than **twenty-eight (28) days following the deadline for disposing expert witnesses**.

The response in opposition shall be due no later than **twenty-eight (28) days** after the motion; the reply in support of the motion shall be due **fourteen (14) days** after the response.

## II.    ORDER RELATING TO TRIAL

This action is set for a **JURY** trial on **March 10, 2014**, at **9:30 a.m.**

Pursuant to Local Rule 8.04 the court may tax against one or all parties the per diem, mileage, and other expenses of providing a jury for the parties, when the case is terminated or settled by the parties at a time too late to cancel the jury attendance or to use the summoned jurors in another trial.

**In this case, unless otherwise ordered by the Court, the attorneys shall, not less than twenty (20) days prior to the date set for trial**:

1. **Stipulation:**  Meet and jointly prepare and file with the Clerk a JOINT Stipulation of all uncontested facts, which may be read into evidence subject to any objections of any party set forth in said stipulation (including a brief summary of the case which may be used on Voir Dire).

2. **Witnesses:**

   (a)    Deliver to opposing counsel, and to the Clerk, a list of all proposed witnesses, identifying those witnesses who will be called to testify and those who may be called.

   (b)    Except for good cause shown, no party will be permitted to call any witnesses not listed in compliance with this Order.

3. **Exhibits:**

   (a)    Mark for identification all exhibits to be offered in evidence at the trial (Plaintiffs to use Arabic numerals and defendants to use letters, e.g., Pltf-1, Deft-A, or Pltf Jones-1, Deft Smith-A, if there is more than one plaintiff or defendant), and deliver to opposing counsel and to the Clerk a list of such exhibits, identifying those that will be introduced into evidence and those that may be introduced.  The list shall clearly indicate for each business record whether the proponent seeks to authenticate the business record by affidavit or declaration pursuant to Fed.R.Evid. 902(11) or 902(12).

   (b)    Submit said exhibits or true copies thereof, and copies of all affidavits or declarations pursuant to Fed.R.Evid. 902(11) or 902(12), to opposing counsel for examination.  Prior to trial, the parties shall stipulate which exhibits may be introduced without

       objection or preliminary identification, and shall file written objections to all other exhibits.

    (c)    Except for good cause shown, no party will be permitted to offer any exhibits not identified or not submitted by said party for examination by opposing counsel in compliance with this Order. Any objections not made in writing at least ten (10) days prior to trial will be considered waived, unless excused by the Court for good cause.

**4.**    **Depositions, Interrogatory Answers, and Request for Admissions:**

    (a)    Deliver to opposing counsel and to the Clerk a list of all interrogatory answers or parts thereof and depositions or parts thereof (identified by page and line numbers), and answers to requests for admissions proposed to be offered in evidence. At least ten (10) days before trial, opposing counsel shall state in writing any objections to such testimony and shall identify any additional portions of such depositions not listed by the offering party which opposing counsel proposes to offer.

    (b)    Except for good cause shown, no party will be permitted to offer any interrogatory answer, or deposition or part thereof, or answer to a request for admissions not listed in compliance with this Order. Any objections not made as above required may be considered waived.

**5.**    **Instructions:** Submit to the Court and to opposing counsel their written request for instructions and forms of verdicts reserving the right to submit requests for additional or modified instructions at least ten (10) days before trial in light of opposing party's requests for instructions. (Each request must be supported by at least one pertinent citation.) **WHERE APPLICABLE, THE COURT PREFERS TO USE EIGHTH CIRCUIT MODEL CIVIL JURY INSTRUCTIONS**.

**6.**    **Trial Brief:** Submit to the Court and opposing counsel a trial brief stating the legal and factual issues and authorities relied on and discussing any anticipated substantive or procedural problems.

**7.**    **Motions In Limine:** File all motions in limine to exclude evidence at least ten (10) days before trial.

**8.**    **Opening Statements:** Except for good cause shown, opening statements, if any, shall be limited to fifteen minutes per party, except that multiple parties on one side of a case who are represented by the same counsel shall jointly have fifteen minutes for opening statements.

**III.**    **Privacy Protection**

Pursuant to the E-Government Act of 2002, as amended, Rule 5.2(a), Fed.R.Civ.P., and Local Rule 2.17(A), E.D.Mo. L.R., the following personal identifiers must be omitted or partially redacted from any publicly-filed documents: social security numbers, names of minor children, dates of birth, financial account numbers, and home addresses of non-parties. **No pleading or other document may be filed that is not in compliance with the E-Government Act.**

Failure to comply with any part of this order may result in the imposition of sanctions.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 2nd day of February, 2012.

## EXHIBIT A

## PROTOCOL FOR ELECTRONIC DISCOVERY

**A**.     **DEFINITIONS**

"Litigation" means the case captioned *Inteplast Group, LTD. v. Primex Plastics Corp.*, 4:11-CV-01949 (CEJ) (E.D. Mo.).

"Electronically Stored Information" or "ESI" carries its broadest meaning consistent with Fed. R. Civ. P. 34(a)(1)(A).

"Document" carries its broadest meaning consistent with Fed. R. Civ. P. 34(a)(1)(A) and the definitions of "writings," "recordings," and "photographs" in Fed. R. Evid. 1001, and thus includes both ESI and Paper Discovery (defined below).

"Paper Discovery" means any Document or thing discoverable under Fed. R. Civ. P. 26(b)(1) and Fed. R. Civ. P. 34(a)(1)(A) that is not ESI.

"Email" or "electronic mail" means an electronic means for communicating written information through structured data applications (*i.e.*, email client software) that can send, store, process, and receive information.

"Format" means the internal structure of an electronic file which defines the way it is stored and accessed.

"Native Format" means the Format of ESI in the application in which such ESI was originally created.

"Party" or "Parties" means Plaintiff and Defendant (collectively).

"Producing Party" means a Party that produces Documents.

"Receiving Party" means a Party to whom Documents are produced.

"Tagged Image File Format" or "TIFF" refers to the CCITT Group IV graphic file format for storing bit-mapped images, with multiple compression formats and resolutions.

"JPEG" refers to the Joint Photographic Experts Group's file format for storing graphic images using a compression algorithm.

"Production Bates Number" means the unique serial number attached to every page of a document collected.

**B.   SCOPE**

1.   The procedures and protocols set forth herein shall govern the production of Documents between the Parties in the Litigation. To the extent they do not contradict the provisions below, the ESI provisions of Rules 16, 26, 33, 34, and 37 of the Federal Rules of Civil Procedure are incorporated herein. Any practice or procedure set forth herein may be varied by written agreement of the Parties.

2.   **Email Production**:

a.   General ESI production requests under Federal Rules of Civil Procedure 34 and 45 shall not include email. To obtain email, Parties must propound specific email production requests.

b.   Email production requests shall be phased to occur after the Parties meet and confer in good faith to discuss whether the production of emails is necessary, which shall not occur until after the Parties have exchanged initial disclosures and documentation showing the functionality or mechanics of the patent, the prior art, the accused instrumentalities and the relevant finances. Subsequent email requests shall not seek emails that also demonstrate the functionality or mechanics of the patent, if the initial production is sufficient to show same.

      c.      Email production requests shall only be propounded for specific issues, rather than general discovery of a product or business.

      d.      Email production requests shall identify the custodian, search terms, and date range. The Parties shall cooperate to identify the proper custodians, the proper search terms, and the proper timeframe.

      e.      Each Requesting Party shall limit its email production requests to a total of five (5) custodians per Producing Party for all such requests. The Court shall consider contested requests for up to five (5) additional custodians per Producing Party, upon showing a distinct need based on the issues of this specific case. Should a party serve email production requests for additional custodians beyond the limits agreed to by the parties or granted by the Court pursuant to this paragraph, the requesting party shall bear all reasonable costs caused by such additional discovery.

      f.      Each Requesting Party shall limit its email production requests to a total of five (5) search terms per custodian per Producing Party. The Parties may jointly agree to modify this limit without the Court's leave. The Court shall consider contested requests for up to five (5) additional search terms per custodian, upon showing a distinct need based on the issues of this specific case. The search terms shall be narrowly tailored to particular issues. Indiscriminate terms, such as the producing company's name or its product name, are inappropriate unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction. A conjunctive combination of multiple words or phrases (e.g., "computer" and "system") narrows the search and shall count as a single search term. A disjunctive combination of multiple words or phrases (e.g., "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search term unless they are

variants of the same word and/or are common alternative ways to refer to the same thing. Use of narrowing search criteria (e.g., "and," "but not," "w/x") is encouraged to limit the production and shall be considered when determining whether to shift costs for disproportionate discovery. Should a party serve email production requests with search terms beyond the limits agreed to by the parties or granted by the Court pursuant to this paragraph, the requesting party shall bear all reasonable costs caused by such additional discovery.

      3. Notwithstanding anything to the contrary herein, the following Documents are not discoverable in the Litigation except upon a showing of good cause as may be determined by the Court:

      a. Information contained on back-up tapes or other long-term, archival storage media that were created strictly for use as a disaster recover mechanism.  If a Party requests that such long-term storage media be searched for a Document that is not cumulative of ESI stored in active media or that is not available as Paper Discovery, the parties agree to meet and confer in good faith regarding the request, and the presumption shall be that the requesting party will pay for the cost associated with restoring and searching said medium.

      b. Temporary data stored in a computer's random access memory or RAM.

      c. Temporary data such as voicemail, instant messages, social media postings and other forms of ESI that are not normally recorded and preserved in the course of the company's business operations.

4.      The Receiving Party shall not use ESI that the Producing Party asserts is attorney-client privileged or work product protected to challenge the privilege or protection.

5.      Pursuant to Federal Rule of Evidence 502(d), the inadvertent production of a privileged or work product protected ESI is not a waiver in the pending case or in any other federal or state proceeding

6.      The mere production of ESI in the Litigation as part of a mass production shall not itself constitute a waiver for any purpose.

7.      The Parties shall meet and confer in good faith to resolve any disputes that arise under this Exhibit A. If the Parties cannot reach agreement on a disputed matter, they shall submit the matter to the Court.

C.      **PRODUCTION FORMAT**

1.      **ESI Production Format**: The Parties shall produce each document in multipage Group IV Tagged Image File Format ("TIFF") format. TIFF files shall be multi-page and shall be named with the first unique Production Bates Number of the document, followed by the extension ".TIF". An appropriate load file to be identified by each party, such as a Concordance load file, shall be provided to indicate the location and unitization of the TIFF files. Included in the load file would be document and attachment boundaries, folder groupings, box number, and any other physical groupings. The relationship data as described in this paragraph or C.4, or as otherwise necessary to relate images to one another, and fields showing the date and time that the document was sent and received, as well as the complete distribution list, are the only metadata that the Parties have an obligation to produce. Further, the Parties note

that the collection of ESI, including metadata, may result in the inadvertent and erroneous modification of metadata.

    2.    **Production of Paper Discovery:** At the discretion of the Producing Party, Paper Discovery may be produced in electronic form. <u>Paper Discovery produced in electronic form need not be rendered text searchable via Optical Character Recognition ("OCR") or other means by the Producing Party. Nor is there any obligation to produce metadata fields associated with such Documents, except that such Documents shall be produced in the manner in which they were kept in the usual course of business</u>. A Party need not produce a non-electronic duplicate of any Paper Discovery produced in electronic form, except that upon a reasonable request by the Receiving Party and a showing of good cause (for example, problems with legibility or formatting), the Producing Party must produce the Paper Discovery in its original format at a mutually agreeable time and place.

    3.    **Appearance and Content**: Subject to any necessary redaction, each Document's image file shall contain the same information and same physical representation as the Document did in its original format, whether paper or electronic.

    4.    **Document Unitization**: If a Document is more than one page, to the extent possible, the unitization of the Document and any attachments or affixed notes shall be maintained as it existed when collected by the Producing Party. If unitization cannot be maintained, the original unitization shall be documented in a load file or otherwise electronically tracked.

    5.    **Color**: Documents containing color need not be produced in color unless the Receiving Party makes a reasonable request pursuant to Paragraph C.7 for the

production of ESI in Native Format or pursuant to Paragraph C.2 for production of Paper Discovery in its original format, as applicable.

6. **Document Numbering**: Each page of a document produced (whether in paper or image format) shall have a sequential, legible, unique alphanumeric identifier ("Document Number") not less than six (6) digits electronically endorsed onto the image at a place on the document that does not obscure, conceal or interfere with any information originally appearing on the document. The Document Number for each Document shall be unique and created so as to identify the Producing Party and the Document Number (for example, "BETA0000000").

7. **Production of ESI in Native Format**: As an exception, if production of a Document in a commercial image file format is impracticable or unreasonable (such as video, animation, or audio files and lengthy Excel spreadsheets), the Producing Party may produce such Document in Native Format consistent with the 2006 Amendments to Rule 34 of the Federal Rules of Civil Procedure. The Producing Party shall collect and produce Documents in Native Format in a manner that preserves the integrity of the files. In all other instances, after initial production of ESI in TIFF, a party wanting to receive a Native Format copy of a Document may make a reasonable request. No Document produced in Native Format shall be intentionally manipulated to change the appearance or substance of the Document before its collection. Native files shall be named with the corresponding Production Bates Number. A link to the native files shall be provided in a Native Path field within the load file. For the sake of clarity, this provision does not allow the production of all ESI in Native Format nor does it apply to source code, which is addressed in a separate protective order.

8. **Production Media**: The Producing Party shall produce images of Documents and load files on external hard drives, CDs, DVDs or other mutually agreeable media ("Production Media"). Each piece of Production Media shall include a unique identifying label corresponding to the identity of the Producing Party and the Document Number ranges of the Documents in that production (for example, "BetaNet Production, BETA0000123 - BETA0000456").

9. **Original Documents**: Nothing in this Exhibit A shall eliminate or alter any Party's obligation to retain Native Format copies of all ESI produced in the Litigation and original paper copies for all Paper Discovery produced in the Litigation.

10. **Third-Party Software**: Each party is individually responsible for obtaining any third party software necessary to render and/or view any Documents produced in the Litigation.

11. **ESI of Limited Accessibility**: If a Producing Party contends that any responsive ESI, <u>excluding back-up tapes or other long-term storage media</u> that were created strictly for use as a disaster recover mechanism, is not reasonably accessible within the meaning of Fed. R. Civ. P. 26(b)(2)(B), that Party shall timely identify such ESI with reasonable particularity and shall provide the Requesting Party with the basis for declining to produce such ESI, including but not limited to information about the nature of any limitations on access, an estimate of the likely costs that might be incurred in producing such ESI, the method used for storage of such ESI (for example, the type of system used to store the ESI), and where such ESI is kept. The parties shall negotiate in good faith concerning the production of any such ESI. If the Parties are unable to reach agreement, the Parties shall submit any dispute to the Court, who shall determine what burden may be imposed upon the Producing or Receiving Parties

to resolve the dispute and whether or to what extent the costs of such production shall be borne by the Producing or Receiving Parties.

**D.     ADDITIONAL ISSUES**

1.     **English Language**: If any Document exists in more than one language, the Document shall be produced in English, if available. If no English version of a Document is available, the Producing Party does not have an obligation to produce an English translation of that Document and does not have an obligation to render that Document text-searchable via OCR or other means.

2.     **Protective Order**: The terms of any Stipulated Protective Order filed with the Court also govern all productions made pursuant to this Exhibit A.